BARBARA JEANE NORMAN, C. C. McGOVERN, BARTENDERS' UNION, LOCAL 165, AND CULINARY WORKERS, LOCAL No. 226, APPELLANTS, (PLAINTIFFS), *v.* CITY OF LAS VEGAS, NEVADA, A MUNICIPAL CORPORATION, JOHN DOE AND RICHARD ROE, RESPONDENTS (DEFENDANTS).

No. 3470

December 30, 1946.                    175 P. 2d 429.

*Morse & Graves*, of Las Vegas, for Appellant.

*C. Norman Cornwall*, of Las Vegas, for Movent.

## OPINION

By the Court, TABER, C. J.:

The city of Las Vegas enacted an ordinance requiring, among other things, that employees of gambling houses, taxi drivers, and employees of establishments where alcoholic beverages are sold at retail for consumption on the premises, register with the police department of said city and submit to finger printing, thumb printing and photographing. Appellants, plaintiffs in the court below, commenced an action in the Eighth judicial district court, Clark County, asking that court to enjoin the enforcement of said ordinance upon the alleged ground that certain sections of it are unconstitutional. A temporary restraining order was issued. The city, defendant below and respondent here, demurred to plaintiff's complaint. On August 14, 1946, the district court vacated and set aside said temporary restraining order, and sustained defendant's general demurrer.

A stay of proceedings was refused by the lower court. Plaintiffs did not plead over, but filed their bill of exceptions in this court September 5, 1946. On the same day appellants (plaintiffs) moved this court for an order "staying all proceedings on the part of the respondent under the judgment and order entered in the lower court on the 14th day of August, 1946, * * * until the determination of the appeal taken from said judgment and order by the appellants * * *." On said 5th day of September 1946 this court, pursuant to said motion, ordered "that the respondent desist and refrain from enforcing, or attempting to enforce, the aforesaid judgment and order of the lower court herein, and that all proceedings in the lower court on said judgment and order be, and the same are hereby stayed until the further order of this court."

Thereafter the respondent moved this court for an order vacating and setting aside its said order granting a stay of proceedings. The motion is made upon two grounds: "1. That the aforesaid Order of this Court

dated and entered herein, on the 5th day of September, 1946, is directed to a nonexistent judgment since no judgment has been rendered in this action in the lower Court. 2. That the Order of the lower Court entered on the 14th day of August, 1946, vacating and setting aside the Temporary Restraining Order is self-executing and requires no positive action for its enforcement."

In opposition to respondent's motion appellants contend that the district court order of August 14, vacating and setting aside the temporary restraining order, was rendered inoperative and ineffectual by this court's stay order of September 5. They maintain that said stay order saved the temporary restraining order from dissolution as much as a money judgment would be prevented from execution by such an order. The temporary restraining order, they argue, remains effectual by operation of said order of this court.

We do not agree with appellant's position. The effect of the stay order was simply to suspend proceedings in the lower court and preserve the status quo pending the determination of the appeal. It did not reverse, annul or undo the district court's orders of August 14, nor did it restore that court's earlier temporary restraining order.

The district court did not order the city to enforce the ordinance. If, after August 14, the city had gone ahead to enforce or attempt to enforce it, such action would have been taken directly under the authority of the ordinance itself, not by way of "enforcing, or attempting to enforce, the aforesaid judgment and order of the lower court."

Counsel will remember the circumstances under which the stay order was signed. This writer, who signed the order, expressed serious doubt at the time regarding the form in which it had been drawn. The court now, after due deliberation, is of the opinion that the order does not have the effect of prohibiting the city from enforcing the ordinance pending the appeal.

The oral argument on appeal in this cause has been

set for the 7th proximo. If at any time before the final determination of the appeal the city begins to enforce or attempt to enforce the ordinance, this court will consider an application for an order requiring it to desist.

That part of the stay order which requires the respondent to "desist and refrain from enforcing, or attempting to enforce, the aforesaid judgment and order of the lower court" is hereby ordered vacated and set aside; as to the other part of the order, the motion to vacate and set aside is denied.

EATHER, J., concurs.

HORSEY, J., did not participate.